Ivan TUMNEFF, Plaintiff,

v.

MILWAUKEE COUNTY DEPARTMENT OF PUBLIC WORKS, AIRPORT DIVISION; C. Barry Bateman, Airport Director, Defendants.

No. 85–C–1249.

United States District Court, E.D. Wisconsin.

Feb. 13, 1986.

John F. Hallanger, Milwaukee, Wis., for plaintiff.

Gerald G. Pagel, Principal Asst. Corp. Counsel, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that he was deprived of property without due process of law, to wit, his permit to operate a taxi at the General Mitchell Field Airport in Milwaukee, Wisconsin. The Court will assume, without deciding, that the license to operate a taxicab at the airport is "property" within the meaning of the due process clause of the Fourteenth Amendment. *Flower Cab Co. v. Petitte*, 685 F.2d 192, 193 (7th Cir.1982). The Court will also take the lead from *Flower* in deciding that federal courts are an odd place to litigate compliance with municipal law. *Id.*

The Supreme Court, in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), established that not every act of a state officer that deprives someone of his property violates the due process clause if there are adequate remedies under state law. Here, plaintiff had an opportunity to appeal the airport director's revocation of his license. Both county and state law provide a right of appeal from such decisions. In fact, Wis. Stats. §§ 68.01–16 are specifically designed "to afford a constitutionally sufficient ... review in connection with determinations by municipal authorities which involve constitutionally protected rights...." Wis. Stats. § 68.01 (1983).

The state affords plaintiff adequate procedures to remedy the deprivations he has alleged. A review of plaintiff's complaint reveals that those procedures, and not the federal court, offer him the relief to which he is entitled, if any.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss the complaint is granted.